NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 06-CV-216-JBC

MARCUS BOND JOHNSON                                                              PLAINTIFF

VS:                         **MEMORANDUM OPINION AND ORDER**

CHAIN MAIL                                                                       DEFENDANT

Marcus Bond Johnson, a/k/a Marc Johnson, a non-prisoner plaintiff, has initiated a *pro se* civil action by submitting to the Clerk of the court a signed formal complaint form and a motion to proceed *in forma pauperis*. The matter is before the court for screening. 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

BACKGROUND

The instant plaintiff is a frequent *pro se* filer in this court. In May of 2006 alone, he filed nine (9) civil actions, all containing frivolous claims, unexplained exhibits, and motions to proceed *in forma pauperis*. In none has the court ordered the issuance of summons. Rather, they all required *sua sponte* dismissal for failure to state a claim or to establish the court's subject matter jurisdiction or for another dispositive flaw.

In orders entered in two of these cases, both filed on May 31, 2006, *Johnson v. Bunko*, Lex. 06-CV-175-JMH, and *Johnson v. Music Union*, Lex. 06-CV-176-JMH, the Chief Judge of this court recounted Johnson's history of meritless civil lawsuits filed in this court in the last three years, put him on notice that his conduct constitutes abusive litigation, and imposed certain conditions on any future filings, the court writing as follows:

> This Court will no longer tolerate Marcus Bond Johnson's continuing abuse of the judicial process. . . [and] puts Plaintiff Johnson on notice of the following pre-conditions which he must satisfy from this day forward.
>
> If Marcus Bond Johnson wishes to bring any new civil action case after the date of entry of the instant Order, his tendered initial pleading must be accompanied by (a) a completed complaint form substantially conforming to this Court's complaint form 123; and (b) full payment of the $350.00 district court filing fee.
>
> Alternatively, if the plaintiff claims to be indigent and wishes to proceed in a new action without the prepayment of the filing fee, then he must submit the following: (a) a completed complaint form substantially conforming to this Court's complaint form 123; and (b) a completed 4-page financial affidavit form which is for non-prisoners' use and is consistent with the 4-page form which the Court has repeatedly sent to the plaintiff or with Form 4, Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis, found in the Federal Rules of Appellate Procedure Appendix of Forms; and (c) a motion for leave of Court to bring another civil action, said motion setting out his claim(s), the facts from which his claim(s) arose, and the purpose of the desired lawsuit.

See *Johnson v. Music Union*, Record No. 3 at 7-8, entered June 8, 2006. The Clerk of the Court was instructed to return all filings received in violation of the orders.

Nonetheless, this month, the plaintiff has twice appeared in the Office of the Clerk and twice presented additional filings, which the Clerk has set up as new cases, *Marcus Bond Johnson v. Chain Mail*, Lex. No. 06-CV-216-JBC, filed July 6th, and *Marcus Bond Johnson v. LFUCG and National Gay Alliance*, Lex. No. 06-CV-220-JBC, filed July 11th. Both times, he has submitted a partially completed complaint form and has moved the court to proceed *in forma pauperis*, thus triggering the obligation to present "(c) a motion for leave of Court to bring another civil action, said motion setting out his claim(s), the facts from which his claim(s) arose, and the purpose of the desired lawsuit." He has not, however, presented such a motion.

## INSTANT PLEADINGS

In the instant case, Plaintiff Johnson has submitted a formal complaint form, but he has

completed only one of four pages of the complaint. The result is that the allegations are so spare that the court cannot find that it has subject matter jurisdiction. Even were the court to construe a claim against the federal postal service, the plaintiff has failed to state a cognizable claim against that agency. This is particularly offensive conduct because the court has repeatedly informed Plaintiff Johnson of the need for his complaint/allegations to meet the minimal requirements of Rule 8 of the Federal Rules of Civil Procedure or face dismissal pursuant to *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In one of the few full sentences in the instant complaint, appearing in an attachment to the complaint form, the plaintiff has written "Chain Mail can result in death Chain has resulted in death of Johnson family" and has written on another page, "The following institutions corporations businesses and individuals have engaged in chain mailing Marc Johnson and the Johnson Family including Marcus Turner Bond." There follows a list of 23 entities, including the United State Postal System, the Texas Governor's Office, New Orleans Metropolitan Government, and "the Sewage Collection Departments." The court cannot conclude what these defendants did, how the plaintiff is damaged, or what relief the plaintiff seeks.

Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D.N.Y. 1996) (citing Fed. R. Civ. P. 12(b)(1)). The lack of subject matter jurisdiction may be asserted by either party or by the court, *sua sponte*, at any time during the course of an action. Because the instant plaintiff has never set forth his own constitutional basis for this complaint, the court is without jurisdiction to entertain his complaint. *Sua sponte* dismissal is proper upon a district court's discovery of lack of subject matter jurisdiction. *Bell v. Hood*, 327 U.S. 678, 681-82 (1946);

*Morrison v. Tomano*, 755 F.2d 515 (6th Cir. 1985).

Johnson has similarly complied only in form, not substance, with his motion to proceed *in forma pauperis*. He has used the proper 4-page affidavit form intended for non-prisoners to report their income, outgo, and assets, but he has completed few lines in the form. Johnson utterly fails to present the court with financial information sufficient for the court to grant his motion. Accordingly, he cannot be granted pauper status. 28 U.S.C. § 1915(a).

The most glaring fatal flaw in the plaintiff's current submissions is, again, a flaw of omission. He has not submitted the third document which the court has twice ordered him to submit with any new filing, *i.e.*, " a motion for leave of Court to bring another civil action, said motion setting out his claim(s), the facts from which his claim(s) arose, and the purpose of the desired lawsuit." A *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)

Finally, the court takes judicial notice that between the filing of the instant action and today's screening, the court has issued a General Order, No. 06-09, barring the plaintiff from future *in forma pauperis* filings unless he has obtained "a certification from a United States Magistrate Judge of the Eastern District of Kentucky that the claims asserted therein are not frivolous and that the suit is not brought for any improper purpose." This court's *sua sponte* dismissal of the instant cause of action for the reasons explained above is consistent not only with the cited cases but also with the recent General Order.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

(1) Plaintiff's motion to proceed *in forma pauperis* [Record No. 2] is **DENIED**;

(2) the instant action is **DISMISSED** and a contemporaneous Judgment will be entered in favor of the named defendant.

Signed on July 17, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

5